**hambNOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| | : | |
| DALE CARTER, | : | Civil No. 09-5503 (SDW) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| KELVIN MATOS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**APPEARANCES:**

> DALE CARTER, #154428, Plaintiff <u>Pro</u> <u>Se</u>
> Passaic County Jail
> 11 Marshall Street
> Paterson, New Jersey  07501

**WIGENTON**, District Judge:

Dale Carter, a prisoner incarcerated at Passaic County Jail, seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement and the apparent absence of three prior qualifying dismissals, <u>see</u> 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> as a prisoner and direct the Clerk to file the Complaint without prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1915(b).  Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint, without prejudice to the filing of an amended complaint stating a cognizable claim under 42 U.S.C. § 1983.

## I.  BACKGROUND

The Complaint seeks damages against the Paterson Police Department and two of its police officers, Kelvin Matos and Jo Torres.  Plaintiff asserts the following in the section of the complaint form instructing him to state the facts:

> On May 21, 2009, I Dale Carter was riding my bike and was being chase[d] by a Paterson Police car.  As I was riding and turn[ed] my head to see if the Paterson Police car was still behind me.  But when I turn[ed] to look forward, another patrol car of the Paterson Police Dept. has struck me in the back rear of my bike, which kno[cked] me off my bike and over a ramp and causing serious bodily injury to my head, ear left side, my left shoulder and my right hand which was bleeding and I had to be taken to St Josephs Hospital in Paterson N.J.  There I was hospitalized for 4 days . . . . I was booked into the Passaic County Jail and placed into the Passaic County Jail Medical Dept. cell for 6 days because of my bodily injury I got by the Paterson Police Dept. officers, Kelvin Matos #4666/Jo Torres #4689 had use excessive force that cause[d] my injury.

(Docket Entry #1 at p. 6.)

Plaintiff seeks the following relief:  "I want the court to help me with my civil rights that was violated by the Paterson police Dept. for the City of Paterson N.J. 111 Broadway.  And any award of money for my injury and damages that was treated at St Joseph Hospital, Pat N.J." ( Id. at p. 7.)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress from a governmental agent or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any

2

claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations

describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see

also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United

States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals

for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient

to pass muster under Rule 8.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir.

2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a
> plaintiff's obligation [is] to provide the 'grounds' of his
> 'entitle[ment] to relief' . . . ." Twombly, 127 S. Ct. at 1964-65 . .
> ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain
> statement [must] possess enough heft to 'sho[w]' that the pleader is
> entitled to relief.'" Id. at 1966.  [Hence] "factual allegations must
> be enough to raise a right to relief above the speculative level." Id.
> at 1965 & n.3.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the Supreme Court in its recent decision

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than
> an unadorned ["]the-defendant-unlawfully-harmed-me["]
> accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that
> offers "labels and conclusions" or "a formulaic recitation of the
> elements of a cause of action will not do." [Id.] at 555.
> [Moreover,] the plausibility standard . . . asks for more than a sheer
> possibility that a defendant has acted unlawfully.  Id. [Indeed, even
> w]here a complaint pleads facts that are "merely consistent with" a
> defendant's liability, [the so-alleging complaint still] "stops short of

> [showing] plausibility of 'entitlement to relief.'"  Id. at 557
> (brackets omitted).  [A fortiori,] the tenet that a court must accept
> as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions [or to t]hreadbare recitals of the
> elements of a cause of action, supported by mere conclusory
> statements [, i.e., by] legal conclusion[s] couched as a factual
> allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement
> [or] that [defendants] adopted a policy "'because of,' not merely 'in
> spite of,' its adverse effects upon an identifiable group." . . . . [W]e
> do not reject these bald allegations on the ground that they are
> unrealistic or nonsensical. . . .  It is the conclusory nature of [these]
> allegations . . . that disentitles them to the presumption of truth. . . .
> [Finally,] the question [of sufficiency of] pleadings does not turn
> [on] the discovery process.  Twombly, 550 U.S.] at 559 . . . . [The
> plaintiff] is not entitled to discovery [where the complaint asserts
> some wrongs] "generally," [i.e., as] a conclusory allegation [since]
> Rule 8 does not [allow] pleading the bare elements of [the] cause
> of action [and] affix[ing] the label "general allegation" [in hope of
> developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no

set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was

applied to federal complaints before Twombly.  See Fowler v. UPMC Shadyside, 578 F.3d 203

(3d Cir. 2009).  Since Iqbal, the Third Circuit has required the district courts to conduct, with

regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for

failure to state a claim:

> First, the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions.  [See Iqbal,
> 129 S. Ct. at 1949-50].  Second, a District Court must then

---

[1]  The Conley court held that a district court was permitted to dismiss a complaint for
failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of
facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. at
45-46.

determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in Iqbal.]  In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief*.'"  Iqbal, [129 S. Ct. at 1949-50 (emphasis supplied)].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11 (emphasis supplied).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  DISCUSSION

A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

5

> laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Here, Plaintiff sues Paterson Police Department as defendant, but a police department is not a "person" that may be found liable under § 1983 pursuant to Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 688-90 (1978). See Petaway v. City of New Haven Police Dept., 541 F. Supp. 2d 504, 510 (D. Conn. 2008); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 825-26 (D.N.J. 1993). Even if this Court were to construe this defendant to be the municipal entity, the City of Paterson, [2] the claim would fail. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or act may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. Moreover, "a single incident of police misbehavior by a single policeman is insufficient as

_____

[2] See Hafer v. Melo, 502 U.S. 21, 25 (1991) (section 1983 suit against a governmental officer in official capacity represents another way of pleading an action against the entity of which the officer is an agent); Brandon v. Holt, 469 U.S. 464 (1985) (treating § 1983 action against city's director of police department as an action against the city where the city had notice); Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating municipality and its police department as a single entity for purposes of § 1983 liability).

*sole* support for an inference that a municipal policy or custom caused the incident." Brown v.

City of Pittsburgh, 586 F. 3d 263, 292 (3d Cir. 2009) (quoting City of Oklahoma City v. Tuttle,

471 U.S. 808, 832 (1985) (Brennan, J., concurring).

> In this Complaint, Plaintiff does not assert facts showing that the allegedly excessive
force resulted from the execution of a custom or policy of the City of Paterson.  This Court will
accordingly dismiss the claims against Paterson Police Department for failure to state a claim
upon which relief may be granted.

> Plaintiff also names police officers Matos and Torres as defendants.  Plaintiff alleges that
Matos violated his rights as follows:  "This officer was in the patrol car that hit me and cause[d]
bodily injury to my body and cause[d] me to be hospitalize[d] for a few day[s] in St Joseph Hosp.
in Paterson, N.J."  (Docket Entry #1 at p. 4.)  Plaintiff further alleges that Torres "was in the
patrol car that hit me and cause[d] bodily injury."  (Id. at p. 5.)

> A claim of "excessive force in the course of making [a] . . . 'seizure' of [the] person . .
.[is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard."
Scott v. Harris, 550 U.S. 372, 381 (2007) (quoting Graham v. Connor, 490 U.S. 386, 388
(1989)).  In deciding whether the challenged seizure constitutes excessive force, a court must
consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the
safety of the officer or others, and whether he is actively resisting arrest or attempting to evade
arrest by flight."  Couden v. Duffy, 446 F. 3d 483, 496-97 (3d Cir. 2006) (quoting Graham, 490
U.S. at 396)).  And "[c]ulpability *is* relevant . . . to the *reasonableness* of the seizure - to whether
preventing possible harm to the innocent justifies exposing to possible harm the person
threatening them."  Scott, 550 U.S. at 384 n.10.  Significantly, in Scott v. Harris, the Supreme

Court ruled that "[a] police officer's attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death."  Scott v. Harris, 550 S. Ct. at 386.

The Complaint, as written, does not provide sufficient facts to show that Matos and Torres used force in excess of what was reasonable under the circumstances.  For example, Plaintiff provides no facts concerning the severity of the crime at issue, whether Plaintiff posed a threat to the safety of the officers or others in the vicinity, and whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight.  See Couden v. Duffy, 446 F. 3d at 496-97. Because "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Fowler, 578 F.3d at 210-11 (quoting Iqbal, 129 S. Ct. at 1949-50).  Because the facts alleged in the Complaint are not sufficient to show that Plaintiff has a plausible claim for relief against Matos and Torres,  in light of the definition of "plausibility" provided in Iqbal, this Court will dismiss the Complaint against those defendants for failure to state a claim upon which relief may be granted.

Because Plaintiff fails to state a cognizable § 1983 claim any named defendant, this Court will dismiss the Complaint in the entirety for failure to state a claim upon which relief may be granted.  However, a District Court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  Plaintiff may be able to assert facts in an amended complaint stating a cognizable claim under § 1983 against the City of Paterson and/or Matos

8

and/or Torres.  Thus, this Court will grant Plaintiff leave to file an amended complaint stating a cognizable § 1983 claim with respect to the use of excessive force during arrest on May 21, 2009.[3]

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint, without prejudice to the filing of an amended complaint.  The Court will enter an appropriate Order.


s/Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**


Dated: August 10, 2010

---

[3] If Plaintiff files an amended complaint, he should be aware that, to state a § 1983 claim against a municipality, the amended complaint "must identify a custom or policy, and specify what exactly that custom or policy was," McTernan v. City of York, PA, 564 F. 3d 636, 658 (3d Cir. 2009), and specify facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation, Jiminez v. All American Rathskeller, Inc., 503 F. 3d 247, 249 (3d Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).  To state a claim under § 1983 against an individual, "plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.  Moreover, if Plaintiff elects to file an amended complaint asserting a § 1983 claim, he should comply with the pleading requirements of Iqbal.